**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A.,<br><br>                     Plaintiff,<br><br>          v.<br><br>SFR INVESTMENTS POOL 1, LLC and MANCHESTER PARK HOMEOWNERS ASSOCIATION,<br><br>                     Defendants.<br><br>AND ALL RELATED CLAIMS. | Case No. 2:15-cv-01771-APG-VCF<br><br>**ORDER GRANTING DEFENDANT MANCHESTER PARK HOMEOWNERS ASSOCIATION'S MOTION TO DISMISS**<br><br>(ECF No. 12) |

     This is a dispute over property located at 10828 Mystic Shore Avenue in Las Vegas. Plaintiff Bank of America, N.A. held a senior deed of trust encumbering the property and intends to foreclose because the former owner has stopped making mortgage payments. However, defendant Manchester Park Homeowners Association previously foreclosed on a homeowners association ("HOA") lien after the property owner did not pay his HOA assessments. Defendant SFR Investments Pool 1, LLC purchased the property at the HOA foreclosure sale. Bank of America seeks to quiet title to the property, contending that the HOA foreclosure sale did not extinguish its deed of trust.

     Bank of America's complaint asserts a claim to quiet title against SFR, a claim for breach of a duty of good faith imposed by Nevada Revised Statutes ("NRS") § 116.1113 against Manchester Park, and a claim for wrongful foreclosure against Manchester Park. Manchester Park moves to dismiss Bank of America's two claims against it, arguing that those claims must first be mediated under Nevada Revised Statutes § 38.310.[1]  Bank of America responds that § 38.310 is a state statute that does not affect this court's jurisdiction. Additionally, Bank of

---

[1] Manchester Park also argues Bank of America has failed to include a necessary party, the original borrower, Ryan Torrisi. Torrisi since has been added to this action (ECF No. 19), so this argument is moot.

America argues that the section applies only to homeowners bringing suit against their associations, and does not apply to beneficiaries of deeds of trust. Finally, Bank of America argues § 38.310 does not apply because Bank of America's claims do not rely on an interpretation of the any conditions, covenants, or restrictions adopted by Manchester Park. Rather, Bank of America contends, its claims depend on an interpretation of the HOA foreclosure statutes.

Bank of America's claims must be dismissed because they were not first submitted to mediation as required under § 38.310. *See U.S. Bank, N.A. v. Woodchase Condo. Homeowners Ass'n*, No. 2:15-cv-01153-APG-GWF, 2016 WL 1734085, at *2-3 (D. Nev. May 2, 2016); *Nationstar Mortgage, LLC v. Sundance Homeowners Ass'n, Inc.*, No. 2:15-cv-01310-APG-GWF, 2016 WL 1259391, at *3 (D. Nev. Mar. 30, 2016); *see also Nationstar Mortgage, LLC v. Springs at Spanish Trail Ass'n*, No. 2:15-cv-01217-JAD-GWF, 2016 WL 1298106, at *3-4 (D. Nev. Mar. 31, 2016). The Supreme Court of Nevada has determined that claims under § 116.1113 are "civil actions" within § 38.310's scope because such claims "require[ ] the district court to interpret regulations and statutes that contain[ ] conditions and restrictions applicable to residential property." *McKnight Family, L.L.P.*, 310 P.3d 558. I therefore dismiss Bank of America's bad faith claim pursuant to § 38.310.

Additionally, Bank of America's wrongful foreclosure claim must be dismissed because Bank of America alleges that the foreclosure was wrongful because (1) Manchester Park failed to give proper notice or opportunity to cure, (2) the HOA sale was commercially unreasonable, and (3) Manchester Park failed to comply with Chapter 116. Each of these allegations challenges the HOA's enforcement of its lien through Chapter 116. As *McKnight* held, "[w]rongful foreclosure is a civil action subject to NRS 38.310's requirements because deciding a wrongful foreclosure claim against a homeowners' association involves interpreting covenants, conditions, or restrictions applicable to residential property." 310 P.3d at 559. Accordingly, I dismiss Bank of America's wrongful foreclosure claim under § 38.310.

IT IS THEREFORE ORDERED that defendant Manchester Park Homeowners Association's motion to dismiss **(ECF No. 12) is GRANTED**. Plaintiff Bank of America, N.A.'s

claims against defendant Manchester Park Homeowners Association are DISMISSED without prejudice for failure to first mediate them as required by NRS § 38.310.

DATED this 12th day of July, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE