# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BANK OF AMERICA, N.A.,

    Plaintiff

v.

SFR INVESTMENTS POOL 1, LLC, et al.,

    Defendants

Case No.: 2:15-cv-01771-APG-NJK

**Order (1) Granting in Part SFR's Motion for Summary Judgment and (2) Granting Bank of America's Motion for Summary Judgment**

[ECF Nos. 70, 71]

    Plaintiff Bank of America, N.A. sues to determine whether its deed of trust encumbering property located at 10828 Mystic Shore Avenue in Las Vegas, Nevada was extinguished by a nonjudicial foreclosure sale conducted by a homeowners association (HOA). Defendant SFR Investments Pool 1, LLC (SFR) purchased the property at the foreclosure sale. Bank of America seeks a declaration that its deed of trust still encumbers the property. SFR counterclaims for declaratory relief that it purchased the property free and clear of the deed of trust.[1] SFR also filed a declaratory relief cross-claim against the former homeowner, Ryan Torrisi.

    Bank of America and SFR move for summary judgment on a variety of grounds. The parties are familiar with the facts so I do not repeat them here except where necessary. I grant Bank of America's motion and deny SFR's motion as to Bank of America because no genuine dispute remains that Bank of America tendered the superpriority amount, thereby extinguishing the superpriority lien and rendering the sale void as to the deed of trust. I grant SFR's motion as to its cross-claim against Torrisi because the HOA foreclosure sale extinguished Torrisi's interest in the property.

/ / / /

---

[1] SFR also asserted a claim for slander of title, but it abandoned that claim. ECF No. 71 at 3 n.1.

# I. ANALYSIS

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

### A. Torrisi

SFR moved for judgment as to Bank of America and Torrisi. ECF No. 71 at 1. Torrisi previously defaulted in this case. ECF No. 47. He did not respond to SFR's motion. He therefore has not pointed to evidence that would (1) counter SFR's evidence and the presumption that the HOA sale was properly conducted, (2) overcome the presumption in favor of SFR as titleholder of record, or (3) otherwise support setting aside the sale as to him. *See Nationstar*

*Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 646 (Nev. 2017). Consequently, I grant SFR's motion as to Torrisi.

### B. Bank of America

Under Nevada law, a "first deed of trust holder's unconditional tender of the superpriority amount due results in the buyer at foreclosure taking the property subject to the deed of trust." *Bank of Am., N.A. v. SFR Investments Pool 1, LLC*, 427 P.3d 113, 116 (Nev. 2018) (en banc). To be valid, tender must be for "payment in full" and must either be "unconditional, or with conditions on which the tendering party has a right to insist." *Id.* at 118.

Bank of America has met its burden of establishing that it tendered the superpriority amount in full. The monthly HOA assessment was $50 per month. ECF Nos. 70-22; 70-23. Prior to the HOA foreclosure sale, Bank of America tendered $450 to the HOA's foreclosure agent, Nevada Association Services, Inc. (NAS), to cover the superpriority amount of nine months of assessments. ECF No. 70-7 at 15-17. NAS refused to accept the check, consistent with NAS's policy at the time to not accept tenders of nine months of assessments. *Id.* at 19; ECF No. 70-24 at 5-6. SFR has presented no contrary evidence in response. Consequently, no genuine dispute remains that the superpriority lien was extinguished and the property remains subject to the deed of trust. *Bank of Am., N.A.*, 427 P.3d at 121.

SFR raises several arguments as to why tender did not extinguish the superpriority lien. None raises a genuine dispute precluding summary judgment.

*1. Evidentiary Challenges*

SFR objects to a ledger with the Bates stamp BANA000047, which is the ledger for another property located in the same HOA that Bank of America used to calculate its tender for this property. SFR contends this ledger has not been authenticated. Next, SFR contends Bank of

3

America cannot show tender was delivered to NAS because it cannot rely on the affidavit of Adam Kendis, a paralegal with the law firm Miles Bauer Bergstrom & Winters, LLP (Miles Bauer). SFR argues that Kendis lacks knowledge to authenticate the runner's slip attached to his affidavit and there is inadmissible hearsay within that document. It also argues that Bank of America cannot rely on a screenshot from Miles Bauer's computer database because it contains hearsay. SFR also contends that NAS's Rule 30(b)(6) witness testified that NAS did not receive the tender letter for this property. SFR thus argues Bank of America has not shown that it tendered the proper superpriority amount.

Bank of America responds that SFR objects only to the ledger from a different property, but it provided NAS's ledger for this property, to which SFR did not object, and that the ledger establishes the monthly assessment and does not show any charges for maintenance or nuisance abatement. Bank of America argues Kendis can authenticate the documents attached to his exhibit, including the runner's slip, because they are part of Miles Bauer's records and qualify as nonhearsay under the business records exception.

Bank of America has presented sufficient proof from which a reasonable jury could find the ledger from NAS "is what its proponent claims." Fed. R. Evid. 901(a). Kendis states he has personal knowledge of Miles Bauer's procedures for creating and maintaining its business records and he sets forth the prerequisites for the business records exception to hearsay. ECF No. 101-6 at 2; Fed. R. Evid. 803(b). The business records exception does not require that the custodian of records for the business that created the document be the one to authenticate it. *See MRT Const. Inc. v. Hardrives, Inc.*, 158 F.3d 478, 483 (9th Cir. 1998). Rather, someone from another business (like Miles Bauer) who relied upon the accuracy of the business record may properly authenticate it. *Id.* Miles Bauer's records show it requested the superpriority amount

4

from NAS, and NAS did not respond, so Miles Bauer used a ledger from the same HOA for another property to calculate the superpriority amount. ECF No. 70-7. Miles Bauer then tendered $450 to NAS, which NAS refused to accept pursuant to its policy. *Id*.; ECF No. 70-24. Contrary to SFR's description of the testimony of NAS's Rule 30(b)(6) witness, he did not state that NAS never received the tender for this property. Rather, he stated that NAS would have no record of this tender attempt due to NAS's policy of rejecting such tenders at the reception desk. ECF No. 70-24.

Although SFR objects to the ledger from a different property, it did not object to the ledger from NAS related to this property or to the HOA's financial transactions related to this property, both of which reflect a $50 monthly assessment and no maintenance or nuisance abatement charges. ECF Nos. 70-22; 70-23. Even if this evidence is not currently in admissible form, Bank of America need not present the evidence in admissible form at summary judgment. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) ("At the summary judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents."). Bank of America could call witnesses from the HOA to identify the monthly assessment amount and from Miles Bauer, NAS, and if needed, the runner's company, to testify about the tender attempt. Because the evidence could be presented in admissible form at trial, I may consider it at summary judgment. *Id.*

SFR has presented no evidence to suggest the monthly assessment amount is anything other than what is reflected in the HOA's financial transactions and NAS's ledger, and it has presented no other evidence of maintenance or nuisance abatement charges. SFR therefore has failed to raise a genuine dispute about the superpriority amount. *See Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 623 (9th Cir. 2019) (holding tender of

nine months of assessments was sufficient where the HOA's "ledger did not indicate that the property had incurred any charges for maintenance or nuisance abatement").

In sum, SFR does not present any evidence to dispute the superpriority amount, the existence or nonexistence of maintenance or nuisance abatement charges, tender, delivery, or rejection. Consequently, no genuine dispute remains that Bank of America tendered the superpriority amount, thereby extinguishing the superpriority portion of the lien and rendering the HOA sale void as to the deed of trust.

    *2. Standing*

SFR contends that Bank of America lacks standing to enforce the note and deed of trust because it has not produced the original note, deed of trust, or assignment to Bank of America. It also argues Bank of America must establish that the note and deed of trust have been reunified through valid transfers to Bank of America. Finally, SFR contends Bank of America cannot rely on the recorded documents or copies of those documents because in other cases it has been shown that recorded documents were inaccurate or inauthentic.

Bank of America responds that it does not seek to enforce the note in this action so arguments about the note are irrelevant. Bank of America contends it is undisputed that it is the beneficiary of record for the deed of trust and SFR has presented no evidence to the contrary.

The question in this case is not whether Bank of America could presently foreclose. The question is whether Bank of America has a sufficient interest in the deed of trust that it has standing to seek declaratory relief as to the deed of trust's continuing validity. Bank of America is the beneficiary of record. ECF No. 70-3. SFR has presented no contrary evidence. Bank of America therefore has standing to seek a declaration that the deed of trust remains an encumbrance on the property. SFR's contention that some documents in other cases have been

shown to be incorrect or inauthentic does not raise an issue of fact in this case. SFR must show "more than metaphysical doubt as to the material facts," and it "has not done so here." *Berezovsky v. Moniz*, 869 F.3d 923, 933 (9th Cir. 2017) (quotation omitted). Speculation that there might be errors is insufficient to preclude summary judgment. *Emeldi v. Univ. of Oregon*, 698 F.3d 715, 728 (9th Cir. 2012).

*3. Impermissible Conditions*

SFR contends Chapter 116 precluded the HOA from entering into a contract with Bank of America through acceptance of the Miles Bauer tender that would waive the HOA's rights to a superpriority lien. Specifically, SFR argues that the Miles Bauer tender letter contained an impermissible condition that the HOA waive or subordinate its right to the portion of the superpriority lien consisting of maintenance and nuisance abatement charges. Bank of America responds that the Supreme Court of Nevada has already found an identical Miles Bauer letter to be a valid tender. Additionally, Bank of America notes that arguments about maintenance or nuisance abatement charges are irrelevant because there is no evidence of these types of charges related to this property and any such charges arising later would not be part of the superpriority lien unless the HOA filed a new notice of delinquent assessment lien.

The Supreme Court of Nevada has already held that where, as here, there is no evidence of maintenance or nuisance abatement charges, identical Miles Bauer letters did not impose impermissible conditions on tender. *See Bank of Am., N.A.*, 427 P.3d at 117-18; *BDJ Invs., LLC v. Bank of Am., N.A.*, No. 76481, 448 P.3d 573, 2019 WL 4392466, at *1 (Nev. 2019) ("Because nothing in the record indicates that the HOA had incurred any maintenance or nuisance abatement charges at the time the tender was made, the letter cannot reasonably be construed as forcing the HOA to waive its right to afford superpriority status to any such charges that might

be assessed in the future."); *Alliant Commercial, LLC v. Bank of New York Mellon*, No. 76565, 443 P.3d 544, 2019 WL 2725620, at *1 (Nev. 2019) ("Assuming without deciding that the tender contained a misstatement of law, such a misstatement is not an impermissible condition as it does not require anything of the HOA for the HOA to be able to accept the tender. Furthermore, no such [maintenance and nuisance abatement] charges are at issue in this case. Thus, the purported misstatement does not alter the tender's legal effect."). Because there is no evidence of maintenance or nuisance abatement charges, the tender letter did not contain impermissible conditions. Additionally, if such charges arose later, the HOA "would have been required to issue new foreclosure notices if it sought to afford those costs superpriority status." *Doreen Properties, LLC v. U.S. Bank Nat'l Ass'n as Tr. for Holders of Bear Sterns Alt-A Tr. 2006-3*, No. 75885-COA, 2019 WL 2474893, at *1 (Nev. App. June 12, 2019) (citing *Property Plus Invs., LLC v. Mortgage Elec. Registration Sys.*, 401 P.3d 728, 731-32 (Nev. 2017) (en banc) (stating that the HOA is not limited to one superpriority lien but it must initiate a new foreclosure process to enforce a second superpriority default).

### *4. Equities and Bona Fide Purchaser*

SFR argues that even if Bank of America tendered the superpriority amount, I still must balance the equities before setting aside the sale, which would include an evaluation of SFR's bona fide purchaser status. SFR also argues Bank of America waived the right to assert tender, should be equitably estopped from doing so, and has unclean hands. Bank of America responds that because the tender extinguished the superpriority lien as a matter of law, I should not balance the equities or consider SFR's status as a bona fide purchaser. Alternatively, Bank of America argues that if I do, I should rule in its favor because it tendered, NAS wrongfully rejected tender, and the sale price was grossly inadequate. Finally, Bank of America argues

waiver, estoppel, and unclean hands do not apply because it did what it was supposed to do to preserve the deed of trust by making a valid tender.

"[T]ender of the superpriority portion of an HOA lien satisfies that portion of the lien by operation of law." *Bank of Am., N.A.*, 427 P.3d at 120. Because "valid tender cured the default as to the superpriority portion of the HOA's lien, the HOA's foreclosure on the entire lien resulted in a void sale as to the superpriority portion." *Id.* at 121. A "party's status as a [bona fide purchaser] is irrelevant when a defect in the foreclosure proceeding renders the sale void." *Id.* For these same reasons, I do not weigh the equities if tender was valid because "the voiding of the foreclosure sale as to the superpriority portion of the lien is ultimately the result of the operation of law and not equitable relief." *Salomon v. Bank of Am., N.A.*, No. 75200-COA, 2019 WL 3231009, at *2 n.3 (Nev. App. July 17, 2019). SFR has not pointed to a single case where, after finding valid tender, the Supreme Court of Nevada then engaged in a balancing of the equities. Instead, that court has consistently held that tender voids the sale as to the deed of trust by operation of law and as a result bona fide purchaser status is irrelevant, and it has engaged in no further inquiry or balancing.

Finally, Bank of America "has not waived its right to protect its deed of trust, is not estopped from asserting that right, nor does it have unclean hands because it allowed [the HOA's] foreclosure to proceed without interceding to halt the foreclosure" because Bank of America satisfied the superpriority portion of the lien before the foreclosure, so it "was under no obligation to intercede or halt the foreclosure once it protected its own interest." *Bank of New York Mellon v. Green Valley S. Owners Ass'n*, No. 1, No. 2:17-CV-2024-KJD-EJY, 2019 WL 4393356, at *6 (D. Nev. Sept. 13, 2019); *see also Bank of America, N.A.*, 427 P.3d at 119-21 (tender need not be recorded or deposited into court).

### 5. *Summary on Declaratory Relief*

In sum, Bank of America has met its initial burden at summary judgment in showing no genuine dispute remains that it tendered the superpriority portion of the HOA's lien, thereby rendering the sale void as to the deed of trust. SFR has not presented evidence raising a genuine dispute in response. Consequently, SFR purchased the property subject to the deed of trust.

## II. CONCLUSION

I THEREFORE ORDER that plaintiff Bank of America, N.A.'s motion for summary judgment **(ECF No. 70) is GRANTED**. The clerk of court is instructed to enter judgment in favor of plaintiff Bank of America, N.A. and against defendant SFR Investments Pool 1, LLC as follows: It is declared that the homeowners association's non-judicial foreclosure sale conducted on September 14, 2012 did not extinguish the deed of trust and the property located at 10828 Mystic Shore Avenue in Las Vegas, Nevada remains subject to the deed of trust.

I FURTHER ORDER that defendant/cross claimant SFR Investments Pool 1, LLC's motion for summary judgment **(ECF No. 71) is GRANTED IN PART**. The clerk of court is instructed to enter judgment in favor of defendant/cross claimant SFR Investments Pool 1, LLC and against cross defendant Ryan Torrisi as follows: It is declared that the homeowners association foreclosure sale conducted on September 14, 2012 extinguished all right, title, or interest that cross defendant Ryan Torrisi had in the property located at 10828 Mystic Shore Avenue in Las Vegas, Nevada, and defendant/cross claimant SFR Investments Pool 1, LLC has superior title over Ryan Torrisi with respect to that property.

I FURTHER ORDER the clerk of court to close this case.

DATED this 20th day of November, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE